UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, <br> *ex rel.* JOSEPH NOCIE, <br> <br> Plaintiffs, <br> <br> v. <br> <br> STEWARD HEALTH CARE SYSTEM, LLC, <br> STEWARD MEDICAL GROUP, and <br> ST. ELIZABETH'S MEDICAL CENTER, <br> <br> Defendants. | No. 18-cv-11160-WGY <br> <br> **FILED UNDER SEAL** |

**NOTICE OF THE UNITED STATES OF ITS ELECTION TO
INTERVENE IN PART AND DECLINE IN PART**

Pursuant to the False Claims Act, 31 U.S.C. § 3730(b)(4)[1], the United States notifies the

Court and all parties of record of its decision to intervene in part with respect to the above-

captioned action. The United States intervenes as to Counts 1 and 2 of the relator's qui tam

---

[1] The United States files this notice of intervention under 31 U.S.C. § 3730(b)(4) because the qui tam remains under seal even after the Court denied the government's last seal extension request on October 25, 2022; the Court has yet to issue an order unsealing the case. Alternatively, the United States contends that it has good cause to intervene in this matter. *See* 31 U.S.C. § 37030(c)(3). The government's notice of intervention comes prior to the Court unsealing the case. Courts in this district have permitted the United States to intervene for good cause years after unsealing and even after the close of initial discovery between the relator and the defendant. *See United States ex rel. Drennen v. Fresenius Medical Care Holdings, Inc.*, No. 09-cv-10179-GAO, 2017 WL 1217118 (D. Mass. Mar. 3, 2017). Unlike the *Drennen* matter, no party in this case has undertaken any action to date such that it would be prejudiced by the United States' intervention at this early stage of the litigation. The relator and the Commonwealth of Massachusetts both assent to the United States' intervention. The defendants will suffer no prejudice from the United States' intervention because the matter remains under seal and no party has served a complaint on the defendants to date. Further, good cause exists for the United States to add common law claims, as the common law claims are based on the same facts as the intervened claims, and the relator could not have brought common law claims on behalf of the government.

complaint, against defendants Steward Health Care System, LLC,[2] Steward Medical Group, and St. Elizabeth's Medical Center. The United States declines to intervene with respect to all other allegations.

In conjunction with this Notice, the United States requests ninety days to file a Complaint-in-Intervention in this matter.

Upon the government filing its Complaint-In-Intervention, the government requests that the United States' Complaint-In-Intervention, the relator's Complaint and Amended Complaint, the United States' Notice of Election to Intervene In Part and Decline In Part, and all pleadings filed thereafter be unsealed. The government further requests that all other papers on file in this action prior to September 5, 2023, remain under seal because, in discussing the content and extent of the United States' investigation, such papers are provided by law to the Court alone for the sole purpose of evaluating whether the seal and time for an election to intervene should be extended.

Although the government declines to intervene as to portions of this action, the government respectfully refers the Court to 31 U.S.C. § 3730(b)(1) which allows the relator to maintain the declined portion of the action in the name of the United States; providing, however, that the "action may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting." *See* 31 U.S.C. § 3730(b)(1). Therefore, the United States requests that, should either the relator or the defendants propose that the part of the action in which the United States has not intervened be dismissed, settled, or otherwise

---

[2] The relator's qui tam complaint misspelled this entity. The entity is Steward Health Care System, LLC, not Steward Health Care Systems, LLC.

2

discontinued, this Court solicit written consent of the United States before ruling or granting its approval.

Furthermore, pursuant to 31 U.S.C. § 3730(c)(3), the United States requests that all papers filed related to the non-intervened part(s) of the action be served upon the United States; the United States also requests that all orders the Court issues related to the non-intervened part(s) of the action be sent to the government's counsel.  The United States reserves the right to order any deposition transcripts and to intervene in the portion of the action in which it declines to intervene today, for good cause, at a later date.

The United States also reserve the right to seek dismissal of any of relator's claims on any appropriate grounds, including under 31 U.S.C. §§ 3730(b)(5) and (e)(4).

A proposed order is attached to this notice.

Date:  September 5, 2023

Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney

By:   */s/ Jessica J. Weber*
JESSICA J. WEBER
CHARLES B. WEINOGRAD
Assistant United States Attorneys
United States Attorney's Office
One Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100
jessica.j.weber@usdoj.gov
charles.weinograd@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I certify that the foregoing application was served on the following counsel, by e-mail on the below date.

*Counsel for the relator*

| | |
|---|---|
| Jonathan Shapiro | Joy Clairmont, Esq. |
| Shapiro & Teitelbaum LLP | Susan Schneider Thomas, Esq. |
| 90 Canal Street, Suite 120 | Berger & Montague, P.C. |
| Boston, MA 02114 | 1622 Locust Street |
| 617-742-5800 | Philadelphia, PA 19103 |
| 617-512-1905 (cell) | jclairmont@bm.net |
| jshapiro@jsmtlegal.com | sthomas@bm.net |

*Counsel for the Commonwealth of Massachusetts*

Jennifer Goldstein, Esq.
Ian Marinoff, Esq.
Assistant Attorneys General
Medicaid Fraud Division
Office of the Attorney General
One Ashburton Place
Boston, MA  02108
jennifer.goldstein@state.ma.us
ian.marinoff@state.ma.us

Pursuant to 31 U.S.C. § 3730(b)(2), no service was made upon the defendants because this case is under seal.

Dated:  September 5, 2023      By:    */s/ Jessica J. Weber*
                                                                JESSICA J. WEBER
                                                                Assistant United States Attorney