# EXHIBIT 15

| | |
|---|---|
| **Message** | |
| **From:** | Sandra Galloway [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=EC57D215DC67469CA74CC226D0777975-SANDRA GALLOWAY] |
| **Sent:** | 7/1/2013 9:48:46 AM |
| **To:** | Kevin O'Donnell [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=0047c57e6e13412c81c0aa86b1af995c-Kevin O'Donnell]; Kathleen LeMaitre [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=077fe9ce9ef94bcdaada4fd005254a80-Kathleen LeMaitre]; Michael Johnstone [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=B8b9f19ad2594aac8dba3e8c6b4d81cd-Michael Johnstone]; Michael Steller [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=0158d368317b460e9c6cf6ece8813925-Michael Steller]; Chitra Malur [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=0c4e8ce8a9214157b7e205567d967023-Chitra Malur]; Nicolaos Madias [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=7992605d78414ed89030d3cb883499ee-Nicolaos Madias]; Robert Nascimento [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=8a879c9d328447beaa77458061bcadc7-Robert Nascimento]; Frank Pomposelli [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=443dcd15bb924536b9d688dccf61dd2d-Frank Pomposelli]; David Ricklan [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=Cdd6ea8515cc40e68b03f02e5dc16826-David Ricklan]; Gary Robelen [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=0a9e34cf23ef42d48ac05718ce6486d2-Gary Robelen]; Sanjay K. Shetty [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=Da2ed26b6442499bb3dc1473ba15886f-Sanjay K. Shetty]; Silvia Testa MD [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=F457bb28c0fc4d28ae7df09ee3a3ffd8-Silvia Testa MD]; Lily Lawn-Tsao [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=E24d559b81eb4804b8e83347b68c7e63-Lily Lawn-Tsao]; David Weinberg MD [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=5bbea2c9e51d4e85bc4c6a3486146567-David Weinberg MD]; Roger Mitty MD [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=Cbeb46ccbf5041aabddb6daf63bea2dd-Roger Mitty]; Vito Iacoviello [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=Bc9773d47bf84f05abb296bed22a1d76-Vito Iacoviello]; Lee Perrin [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=749ff29f7fd4486f8278ae7781a6f811-Lee Perrin]; Janice Powell [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=C5c7b9724e6c4fb49e7bbce7bf89915f-Janice Powell]; Stuart Schneller [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=279615af25024b4394c755043b1c0811-Stuart Schneller]; Rebecca Schwartz [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=Ccd41fe588644abb9da4256d8fbfa19e-Rebecca Schwartz] |
| **Attachments:** | COM 15 Gifts and Business to Physicians from Steward Entities.pdf; COM 39 Request for Amendment.pdf; COM 40 Personal Representatives.pdf; COM 46 Deidentified and limited data sets.pdf; COM 48 COM 48 Fax Policy.pdf; COM 14 Gifts and Business Courtesies to from Vendors.pdf |

To Medical Executive Committee

Please review the attached policies that Dr. Garfinkle will be presenting at tomorrow's MEC.

Thank you.

CONFIDENTIAL - FOIA CONFIDENTIALITY TREATMENT REQUESTED                    SHC00467054



# Gifts & Business Courtesies to Physicians from Steward Entities
# Chapter: Compliance
# Policy Number: COM 15

## Policy

Steward Health Care System, including all of its owned or controlled affiliates is committed to compliance with all of the statutes, regulations, and rules that govern its marketing and business development activities and initiatives. This document sets forth the policies and procedures that apply to the provision of any gifts or business courtesies, such as meals, beverages, entertainment, recreational activities, lodging, transportation or other gratuities by Steward and its employees, owners, or contractors ("**Agents**") to Physicians (defined below) (the "**Policy**"). Any deviations by Steward Agents from this Policy may result in disciplinary action, including termination of employment or the contractual relationship. Compliance with this Policy shall be an express condition of employment and any other contracts with Agents.

This policy does not apply to items or services of value provided to Physicians that are provided pursuant to, and consistent with, other Steward Health Care System policies.

## Scope

This policy applies to all Steward Health Care System entities, including all owned or controlled affiliates (collectively "**Steward**," each a "**Steward Entity**").

## Definitions

**Business Courtesies**: means meals, beverages, entertainment, transportation, and lodging not included as part of a Business Meeting, Medical Staff Appreciation Event, a Medical Staff Incidental Benefit, or intended as a Gift or gratuity. Waiving of copayments for Physicians is not permitted.

**Gifts**: means anything of economic value given by or on behalf of Steward, without Steward receiving in return fair consideration in cash or in kind (other than referrals or other business generation), except for anything of economic value given pursuant to this Policy (i.e., Business Courtesies, Medical Staff Incidental Benefits, a Medical Staff Appreciation Event, Business Meetings) or any other Steward policy.

**Business Meeting**: means a business meal or provider meeting conducted consistent with Section VII below.

**Physician**: means a physician in a position to make referrals to, or otherwise generate business for, any Steward Provider, or an Immediate Family Member of such physician. This includes Steward employed physicians. For example, a physician who does not have a practice in a Steward Provider's primary or secondary service area would not be considered to be in a position to make referrals to, or otherwise generate business for, any Steward Provider and would, accordingly, not be subject to this Policy.
**Immediate Family Member**: means husband or wife; birth or adoptive parent, child, or sibling; stepparent, stepchild, stepbrother, or stepsister; father-in-law, mother-in-law, son-in-law, daughter-in-law, brother-in-law, or sister-in-law; grandparent or grandchild; and spouse of a grandparent or grandchild.

CONFIDENTIAL - FOIA CONFIDENTIALITY TREATMENT REQUESTED                              SHC00467055

**Medical Staff Appreciation Event**: means a banquet, dinner, or similar event hosted by a Steward Provider with a formal medical staff to show its appreciation for the commitment and contributions of its medical staff, and that occurs no more than once a calendar year.

**Medical Staff Incidental Benefit**: means compensation in the form of items or services from a Steward Provider that is a hospital to a medical staff member of such Steward Provider that meets all of the requirements of the Medical Staff Incidental Benefits Exception, Section B, 3 below.

**Steward Provider**: means any entity that is owned or controlled by Steward Health Care System that bills or collects from the Medicare or Medicaid programs for health care services.

# Overview of the Applicable Law

   A. <u>The Federal Health Care Program Anti-Kickback Statute</u>

      1. The anti-kickback provisions of Title XI of the Social Security Act (the "**Anti-Kickback Statute**") make it a crime to knowingly and willfully offer or pay any remuneration (*e.g.*, money, gifts, meals and entertainment, free products or services or other payments in cash or in kind) to induce or pay for referrals for services (*e.g.*, hospital services) covered by a federal health care program such as the Medicare or Medicaid programs. The Anti-Kickback Statute covers more than referrals in the conventional sense of that term. The Anti-Kickback Statute extends to remuneration intended to induce a person to <u>arrange for or recommend</u> the purchase, lease, or order of a service or item covered by a federal health care program.

      2. Whether remuneration in the form of Gifts and Business Courtesies is intended to induce or pay for referrals can be inferred from the circumstances. This Policy is intended to provide clear rules for Gifts and Business Courtesies that will help assure that no regulator or adjudicator would reasonably infer that Gifts and Business Courtesies are intended to induce or pay for referrals.

      3. Violations of the Anti-Kickback Statute are punishable by criminal fines of up to $25,000 per violation and/or imprisonment of up to five (5) years; by civil monetary penalties of up to $50,000 and three (3) times the illegal remuneration per violation; and/or by exclusion from participation in federal health care programs.

   B. <u>The Stark Law</u>

      1. <u>In General</u>. Unless an exception applies, the federal physician self-referral law (commonly known as the "**Stark Law**") prohibits a physician from referring a Medicare patient to an entity for the furnishing of certain "designated health services" (*e.g.*, hospital services), if the physician (or an Immediate Family Member) has a financial relationship with the entity. A "financial relationship" includes a compensation arrangement, which arises from anything of economic value passing between the physician and the entity. The entity furnishing the designated health service (the "**DHS Entity**") is prohibited from submitting a claim to Medicare for the service if the service is rendered pursuant to a prohibited referral, and no Medicare payment may be made for such services. If the DHS Entity submits a prohibited claim, and fails to refund promptly amounts received, the DHS Entity is subject to civil monetary penalties of up to $15,000 per service and potential exclusion from federal health care programs. The DHS Entity may also be found liable under the federal civil False Claims Act for submission of a false claim, because the claim is not payable by Medicare.

      2. <u>Non-Monetary Compensation Exception</u>. The Stark Law has an exception for non-monetary compensation (*e.g.*, services or items, but not cash or cash equivalents) by a DHS Entity to a referring physician or an Immediate Family Member of the physician of up to an aggregate annual amount of $380 (for calendar 2013) so long as:

COM 15 Gifts & Business Courtesies to Physicians from Steward Entities
Steward Health Care System Policies and Procedures    Page 2 of 10

CONFIDENTIAL - FOIA CONFIDENTIALITY TREATMENT REQUESTED    SHC00467056

a. The compensation is not determined in any manner that takes into account the volume or value of referrals or other business generated by the referring physician for the DHS Entity;

b. The compensation is not solicited by the physician or the physician's practice (including employees and staff members); and

c. The compensation arrangement does not violate the Anti-Kickback Statute.

Excluded from the aggregate annual limitation is the value of Medical Staff Incidental Benefits and a single Medical Staff Appreciation Event.

3. <u>Medical Staff Incidental Benefits Exception</u>. Under the Stark Law, a "financial relationship" does not include compensation in the form of items or services (not including cash or cash equivalents) provided by a DHS Entity that is a hospital to a member of its medical staff when the item or service is used on the hospital's campus, if all of the following conditions are met:

a. The compensation is provided to all members of the medical staff practicing in the same specialty (but not necessarily accepted by every member to whom it is offered) without regard to the volume or value of referrals or other business generated between the parties;

b. Except with respect to identification of medical staff on the hospital's website or in its advertising, the compensation is provided only during periods when the medical staff members are making rounds or are engaged in other services or activities that benefit the hospital or its patients;

c. The compensation is provided by the hospital and used by the medical staff members only on its campus. Internet access, pagers or two-way radios, used away from the campus only to access the hospital's medical records or information or to access patients or personnel who are on the hospital's campus, as well as identification of the medical staff on the hospital's website or in its advertising, will meet the "on campus" requirements of this paragraph;

d. The compensation is reasonably related to the provision of, or designed to facilitate, directly or indirectly, the delivery of, medical services at the hospital;

e. The compensation is of low value (as of calendar year 2013, less than $32) with respect to each occurrence of the benefit (for example, free cafeteria meals available to a physician while he or she is rounding in the hospital); and

f. The compensation arrangement does not violate the Anti-Kickback Statute or any federal or state law or regulation governing billing or claims submission.

## Procedure

I. **GENERAL POLICY AGGREGATE ANNUAL LIMIT ON GIFTS AND BUSINESS COURTESIES**

A. <u>Scope.</u> Gifts and Business Courtesies of *any* value may only be provided to Physicians consistent with this Policy.

B. <u>No Cash or Cash Equivalents:</u> Under no circumstances may a Physician be provided with a Gift or Business Courtesy in the form of a cash payment or a cash equivalent, *e.g.*, gift certificates.

C. <u>Aggregate Annual Limit</u>. Under no circumstances may a Physician be furnished with Gifts and Business Courtesies in any calendar year from a single Steward Provider that exceed the then annual limit applicable to the Stark Law non-monetary compensation exception ($380 for calendar year 2013). (The Centers for Medicare and Medicaid Services publishes a new annual limit on its website at http://www. http://cms.hhs.gov/Medicare/Fraud-and-Abuse/PhysicianSelfReferral/CPI-U_Updates.html. The update is effective each year on January 1, and reflects an increase in the CPI-U.) This aggregate

CONFIDENTIAL - FOIA CONFIDENTIALITY TREATMENT REQUESTED                                        SHC00467057

annual limit does <u>not</u> apply to the value of any Medical Staff Appreciation Event, but applies to any Gifts or gratuities provided in connection with a Medical Staff Appreciation Event (*e.g.*, door prizes and party favors).

D. <u>Monitoring.</u> Each Steward Entity that is a Steward Provider will maintain a reporting and tracking system, consistent with the Procedure Section below, to assure that each Steward Provider and its Agents comply with this aggregate annual dollar limit on Gifts and Business Courtesies.

## II. GIFTS TO PHYSICIANS

A. <u>General Policy</u>. Steward generally prohibits the giving of Gifts to Physicians by its Agents. Subject to the limitations set forth in this Policy, exceptions are made for:

1. An occasional modest Gift as further defined below; and
2. Minimal-value, branded promotional items related to the Physician's work or benefiting patients.

Under no circumstances may a Gift be offered or provided with the intent of inducing the recipient to recommend a service or item furnished by a Steward Provider or to refer, admit or steer a patient to a Steward Provider. Gifts may not be provided in connection with discussions, negotiations, or decisions involving orders or referrals for a Steward Provider's services. It is the responsibility of the Steward Provider President to determine whether the type, amount and setting of a Gift is consistent with this Policy prior to giving the Gift, and to consult with the Steward Provider Compliance & Privacy Officer if the propriety of the Gift is in doubt. In addition, an Agent may not give a Gift with his/her own funds, even if the Agent does not intend to seek reimbursement from Steward for the Gift.

B. <u>Occasional Modest Gifts</u>. Except for minimal value items given in accordance with Section C below, below, Gifts given to a Physician must satisfy the following requirements:

1. The Gift must fit into one of the following categories:

    a. Gift that benefits patients or serves a genuine educational function and has a fair market retail value of not more than $125;

    b. a one-time Gift to a Physician who is retiring from the practice of medicine within one month in recognition of that Physician's medical career and has a fair market retail value of not more than $125; or

    c. a Gift of flowers, a "gift basket" (i.e., a Gift of candy, packaged food, or similar items), or a Gift of a Provider-branded item; provided, however, that each such Gift has a fair market retail value of not more than $50 and no individual Physician may receive more than two (2) such Gifts (i.e., Gifts under this Section II.B.1.c) from Steward and its Agents (collectively) during any calendar year.

2. Each Gift must be given in an appropriate setting in accordance with Section E below; and

3. Gifts to public employees (*e.g.*, public university, public hospital or VA physicians, administrators or other employees) must comply with the standards and procedures of Section F below.

C. <u>Minimal Value Items</u>: Gifts of minimal value (e.g., items such as Provider-branded pens, notepads, or test order pads) may be provided to Physicians. All items must have a retail value of $15 or less and meet one of the following criteria:

1. Provide a patient benefit; or
2. Be related to the Physician's work or business.

CONFIDENTIAL - FOIA CONFIDENTIALITY TREATMENT REQUESTED                                            SHC00467058

D. <u>Prohibited Gifts.</u> Notwithstanding any other provision of this Policy, the following categories of Gifts are prohibited under all circumstances:

1. Gifts involving wine or any other type of alcoholic beverage;
2. Cash, cash equivalents, or gift certificates;
3. Items with a monetary value exceeding $125;
4. Gifts given as a "thank you" for the referral of business;
5. Gifts purchased by a Steward Agent with his/her own funds, even if the Agent does not intend to seek reimbursement from the Provider;
6. Gifts solicited by a Physician who is a referring physician, or by the physician's practice staff; and
7. Gifts prohibited by the Physician's employer.

E. <u>Setting Considerations</u>. Agents must consider the setting in which they are providing Gifts to Physicians. Generally, Gifts may be provided in connection with ordinary marketing presentations and meetings. No Gift may be provided in connection with receiving a referral from a Physician.

F. <u>Gifts to Government Employees</u>. Gifts to government personnel (*e.g.*, public university, public hospital or VA physicians, administrators, or other employees) are generally prohibited by the rules of those institutions. Provider Agents must not give any Gifts that violate these rules. No Gifts may be provided to federal, state, or other government personnel without the prior approval of the Steward Provider Compliance & Privacy Officer, after the Compliance & Privacy Officer has confirmed that the Gift is consistent with applicable rules.

## III. BUSINESS COURTESIES TO PHYSICIANS

A. <u>General Policy</u>. Business Courtesies may not be offered or provided to a Physician with the intent of inducing the recipient to recommend a service or item furnished by a Steward Provider or to refer, admit or steer patients to a Steward Provider. Further, no Business Courtesy may be provided to a Physician if the Physician solicits the Business Courtesy. It is the responsibility of each Agent to assure that his/her expenditures for Business Courtesies satisfy this Policy. An Agent may only provide permitted Business Courtesies with his/her own funds with the prior approval of the Steward Entity President. An accounting of any such approved expenditure of the Agent's own funds must be provided to the Steward Entity President in the form and manner prescribed by the below.

B. <u>Meals</u>. A meal provided to a Physician, not in connection with a Business Meeting, is a permitted Business Courtesy, provided the meal satisfies the following requirements:

1. The meeting must be held locally to Steward's service area;
2. At least one (1) Steward Agent must attend the meal;
3. The total cost of such meals, including tax and tip, may not exceed $200 per person. If a spouse or other guest of a Physician attends, then the $200 limit is applied to the total cost for the Physician and any spouse or other guest of the Physician; and
4. Subject to the aggregate annual limit per Steward Provider (see Aggregate Annual Limit Section above), no individual Physician may receive more than four (4) such meals from Steward and it's Agents (collectively) during any calendar year.

C. <u>Meals Provided to Government Employed Physicians.</u> No meals may be provided to federal, state, or other governmental personnel without prior approval of the Steward Compliance and Privacy Officer,

CONFIDENTIAL - FOIA CONFIDENTIALITY TREATMENT REQUESTED                          SHC00467059

after the Steward Compliance and Privacy Officer has confirmed that the meal is consistent with applicable rules.

D. <u>Entertainment: General Policy.</u> Up to two (2) tickets to a concert or sporting event and related food, beverages, and ground transportation purchased by an accompanying Steward Agent, are a permitted Business Courtesy, provided the event satisfies the following requirements:

   a. The Physician (and a guest of his or her choice) is personally invited to the event by a Steward Agent who will accompany the Physician to the event or meet him or her at the event;

   b. The event is in the Steward service area;

   c. The total value of the event to the Physician and his or her guest may not exceed $200; and

   d. Subject to the aggregate annual limit per Steward Provider (see Aggregate Annual Limit Section above), no individual Physician may be provided tickets to an event more than twice by each Steward Provider or representative Agent during any calendar year.

E. <u>Entertainment: Tickets Associated with Steward Sponsorship or Preferred Provider Relationship.</u>

Where a Steward Entity has received concert or sporting event tickets in connection with a sponsorship or preferred provider arrangement (e.g., sporting event tickets from Boston College), such tickets may be provided to Physicians as a permitted Business Courtesy in the following circumstances (or pursuant to Section III.D., above):

   1. such tickets are offered exclusively to Physicians employed, on at least a .50 FTE basis, by a Steward Entity;

   2. such tickets are offered to all Physicians who are members of a certain clinical department, or otherwise associated with a certain clinical service of a Steward Entity, as a departmental or other defined group activity; or

   3. such tickets are offered, on a first-come first-served basis, to all employees (including non-Physician employees) and medical staff members of a Steward Entity.

Any tickets provided to a Physician as a permitted Business Courtesy shall be subject to the aggregate annual limit per Steward Provider (see Aggregate Annual Limit Section above).

F. <u>Prohibited Business Courtesies.</u> Notwithstanding any other provisions of this Policy, the following Business Courtesies are expressly prohibited:

   1. Entertainment provided in cash or in cash equivalents (e.g., gift certificates for concert tickets);

   2. Meals provided in cash or in cash equivalents (e.g., gift certificates for restaurant meals);

   3. Except as permitted under Section III.E above, meals or entertainment where a Steward Agent is not present (unless the Provider Agent is unexpectedly unable to attend a concert or sporting event due to illness or an emergent or urgent matter, and cannot find a substitute Steward Agent to attend);

   4. Lodging or transportation (including parking fees), except ground transportation shared by the Steward Agent and the Physician in connection with a concert or sporting event, and paid by the Steward Agent; and

   5. Business Courtesies prohibited by the Physician's employer.

COM 15 Gifts & Business Courtesies to Physicians from Steward Entities
Steward Health Care System Policies and Procedures                                    Page 6 of 10

CONFIDENTIAL - FOIA CONFIDENTIALITY TREATMENT REQUESTED                                SHC00467060

## IV. EXPENSES/EVENTS NOT CONSTITUTING BUSINESS COURTESIES

A. <u>Business Meals.</u>

1. A meal provided to a Physician in connection with a Business Meeting (defined below) is not counted as a Business Courtesy (i.e., is not subject to the nonmonetary compensation limits), provided the meal satisfies the following requirements:

    a. The meeting must be held locally to Steward for a legitimate business purpose (in accordance with (b) below and spouses and guests of the Physician are not invited;

    b. The meals must occur in a venue and manner conducive to conducting business matters;

    c. At least one (1) Steward Agent must attend the meal;

    d. In order to ensure a meaningful discussion between Steward Agents and Physicians, no more than four (4) Physicians may be present for every Steward Agent in attendance; and

    e. The total cost of such meals, including tax and tip, may not exceed $200 per person.

2. <u>"Business Meeting" Definition</u>: A "**Business Meeting**" is a meeting held locally for one of the following business purposes:

    a. Understanding the service-related concerns, needs or demands of a Physician;

    b. Explaining the services and terms available to the Physician from Provider; or

    c. Negotiating contracts or business terms with a Physician.

B. <u>Steward Meetings</u>. Recreation and entertainment events, transportation, lodging, meals, beverages and other gratuities provided to a Physician in connection with Steward Board, management or committee meetings reasonably *requiring* the attendance of a Physician who has been engaged by Steward to provide it with *bona fide* personal services (unrelated to the generation of business) are not Business Courtesies or Gifts for purposes of this Policy so long as the Physician does not receive any services or items not equally available to all of the other attendees, but, <u>in the case of a referring physician</u>, the value of any recreational activities and entertainment events, or gratuities not reasonably necessary to facilitate the physician's attendance and participation, as determined by the Steward Entity Compliance Officer, must <u>be counted as non-monetary compensation consistent with an applicable Stark Law exception</u>. For example, any gift given to referring physician who is a Board member in attendance at the meeting (*e.g.*, a golf club) should be counted towards the aggregate annual limitation on non-monetary compensation.

## V. TRACKING OF BUSINESS COURTESISES, GIFTS AND BUSINESS MEETINGS

All Business Courtesies and Gifts shall be tracked by the Steward Provider President in accordance with the attached Spreadsheet (Appendix A). Where a Business Courtesy or Gift expense is reimbursed by a Steward Entity other than a Steward Provider, such Business Courtesy or Gift shall be allocated to the Steward Provider, for purposes of this Policy, which is most directly related to the particular Business Courtesy or Gift. Any Business Courtesy or Gift proposed by a Steward Entity that is not a Steward Provider must be approved by the President of the Steward Provider to which the Gift or Business Courtesy would be allocated consistent with the preceding sentence. (Steward Entity Presidents can approve Business Meetings so long as documentation is maintained consistent with the procedures set forth below.) Any Gift made, pursuant to this Policy, to an Immediate Family Member of a Physician shall be treated as a gift to the Physician.

To track nonmonetary compensation provided to physicians, the following procedures are to be followed by all Steward Entities.

- Only a Steward Provider President may authorize a Business Courtesy or Gift provided to a Physician.

COM 15 Gifts & Business Courtesies to Physicians from Steward Entities  
Steward Health Care System Policies and Procedures                                   Page 7 of 10

CONFIDENTIAL - FOIA CONFIDENTIALITY TREATMENT REQUESTED                           SHC00467061

- Prior to incurring any expenses related to the provision a Business Courtesy or Gifts to a Physician, the Steward Provider President must determine the available balance of nonmonetary compensation for the Physician utilizing the tracking sheet provided in Appendix A.

- The Steward Provider President is required to maintain the tracking spreadsheet (Appendix A) for Business Courtesies and Gifts provided to physicians. If the Business Courtesy is provided to an Immediate Family Member of a referring physician, then the details of such nonmonetary compensation must be logged under the name of the referring physician.

- Each Steward Entity President is also required to maintain documentation of Business Meetings with physicians (Appendix B). The date, business purpose and total cost and President's approval of the meal or event must be documented.

- The Steward Entity President must:
    - Send the completed tracking sheets (Both Appendix A & Appendix B) to Steward's Corporate Chief Operating Officer (COO), General Counsel (GC) and Chief Compliance Officer (CCO) on **July 1st** and **December 1st** of each year. The CCO will review the tracking sheets for each Steward Entity with Steward's COO and GC.
    - To permit adequate monitoring, keep the tracking sheets <u>updated and available</u> for auditing purposes.
    - To permit adequate auditing, tracking sheets and any related documents and files created in connection with Gifts / Business Courtesies and Business Meetings shall be retained by the Steward Entity President for a minimum of six (6) years.

## VI. AGENT DISCIPLINE

Agents who give Gifts or provide Business Courtesies in violation of this Policy and are Steward employees are subject to discipline or other sanctions in accordance with Steward's employment policies and procedures and governing documents. The agreements between Steward and any Agents who violate this Policy and who are independent contractors shall be evaluated for termination or nonrenewal based on the express terms of the agreement or any other applicable Steward Compliance policies and procedures.

# References

45 CFR 160

45 CFR 164

# Review and Approval

The following Steward Health Care personnel originated and approved this policy:

| Contact | Chief Compliance Officer |
|---|---|
| Approved by | Executive Compliance Committee, Steward Clinical Excellence Committee |
| Replaced Policy | None, new |
| Policy Date; Revisions | 1/8/2013 |
| DCN: For office use only | 3/1□2013 9:39:26 AM 🖉 |

COM 15 Gifts & Business Courtesies to Physicians from Steward Entities
Steward Health Care System Policies and Procedures                                      Page 8 of 10

CONFIDENTIAL - FOIA CONFIDENTIALITY TREATMENT REQUESTED                                 SHC00467062



# Steward Tracking Sheet for Gifts & Business Courtesies to Physicians
## Nonmonetary Compensation
## CY2013

[ENTER NAME OF STEWARD PROVIDER HERE]

| Physician Last Name | Physician First Name | Physician Affiliations with Other Physicians | For Meals and Other Events: List of all Attendees (Steward Agents, Physicians, and others) | Date Given | Description of Item | Approved By [Enter President's Name] | | Dollar ($) Value* |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | $0.00 |
| | | | | | | | | $0.00 |
| | | | | | | | Total | $0.00 |
| | | | | | | | | $0.00 |
| | | | | | | | | $0.00 |
| | | | | | | | Total | $0.00 |
| | | | | | | | | $0.00 |
| | | | | | | | | $0.00 |
| | | | | | | | Total | $0.00 |
| | | | | | | | | $0.00 |
| | | | | | | | | $0.00 |
| | | | | | | | Total | $0.00 |
| | | | | | | | Running Total | $0.00 |

2013 Maximum per Physician = $380

*Event tickets must be at face value*

COM 15 Gifts & Business Courtesies to Physicians from Steward Entities
Steward Health Care System Policies and Procedures                    Page 9 of 10

CONFIDENTIAL - FOIA CONFIDENTIALITY TREATMENT REQUESTED                SHC00467063



# Steward Tracking Sheet for Expenses & Events
# Not Constituting Business Courtesies
# CY 2013

**[ENTER NAME OF STEWARD ENTITY HERE]**

| | |
|---|---|
| **Date of Business Event / Meeting:** | [Enter Date Here] |
| **Approved By:** | [Enter Entity President's Name Here] |
| **Description of Business Purpose:** | [Enter Business Purpose Here] |
| **Total Cost of Event / Meeting:** | $0.00 |

| List of **Steward Agents** Attending Event / Meeting | |
|---|---|
| **Steward Agent Name** (including Physician Agents) | **Title** |
| | |
| | |
| | |
| | |
| | |

| List of **Physicians** Attending Event / Meeting | |
|---|---|
| **Physician Name** | **Physician Affiliation with any other Physicians** |
| | |
| | |
| | |
| | |
| | |

CONFIDENTIAL - FOIA CONFIDENTIALITY TREATMENT REQUESTED                SHC00467064

Header area



# COM 15 Summary Grid
# Gifts & Business Courtesies to Physicians from Steward Entities

| Gift Groups | Acceptable | Explanation | Documentation |
|---|---|---|---|
| **Gifts to Physicians** | | | |
| *"Occasional"* modest gift under $125 | Yes | Gift that benefits Physician patients or serves an educational purpose | Prior approval required of Steward Provider President, **and** Tracking required on Nonmonetary Compensation Tracking form (Appendix A). |
| Retirement Gift | Yes | One-time gift **and** has a fair market value of no more than $125 | Prior approval required of Steward Provider President, **and** Tracking required on Nonmonetary Compensation Tracking form (Appendix A). |
| Gift of flowers or "gift basket" | Yes | Gift has a fair market value of no more than $50 and *no individual Physician may receive more than 2 such gifts.* | Prior approval required of Steward Provider President, **and** Tracking required on Nonmonetary Compensation Tracking form (Appendix A). |
| Gift exceeding $125 value | No | Prohibited by policy | |
| Cash or Gift Cards | No | Prohibited by policy | |
| Gifts involving wine or any type of alcoholic beverage | No | Prohibited by policy | |
| **Gifts to Government Employees** | | | |
| Gift or Meal | No | Generally prohibited, however gifts (including meals) may be approved by the Steward Entity's Compliance & Privacy Officer. | Prior approval required of the Steward Entity's Compliance and Privacy Officer. |
| **Business Courtesies to Physicians** | | | |
| Meals | Yes | Business Meeting is held locally, one Steward agent present, total cost does not exceed $200 per person, and *no physician may receive more than a total of 4 meals a year collectively from Steward agents.* | Prior approval required of Steward Provider President, **and** Tracking required on Nonmonetary Compensation Tracking form (Appendix A). |
| **Event Not Constituting Business Courtesies** | | | |
| Business Meals | Yes | Meal provided to Physician in connection with Business Meeting for one of the following purposes:<br>1. Understanding service-related concerns, need or demands of a Physician; | Tracking required on the "Not Constituting Business Courtesies" Tracking form (Appendix B). |

|  |  | 2. Explaining the services and terms available to the Physician from the Provider; **or** <br> 3. Negotiating contracts with a Physician. <br><br> The meeting **must also** meet the 5 requirements below: <br> 1. Needs to be held locally and neither spouses nor guests of Physicians are invited. <br> 2. Meals must occur in a venue and manner conducive to conducting business meetings. <br> 3. At least one (1) Steward Agent must attend meal. <br> 4. **No more than four (4) Physicians** may be present for each Steward Agent in attendance. <br> 5. Total cost including tax and tip may not exceed $200 per person. |  |
|---|---|---|---|
| **_Entertainment (Business Courtesy)_** ||||
| Sporting Event or Concert Tickets **with** a Steward Agent | Yes | Tickets, food, beverages and transportation are permitted as long as the physician and guest are personally invited to the event by a Steward agent who will accompany them to the event. Event must be in Steward service area. Total value may not exceed $200.00. | Prior approval required of Steward Provider President, **and** Tracking required on Nonmonetary Compensation Tracking form (Appendix A). |
| Sporting Event or Concert Tickets **without** a Steward Agent | No | Prohibited by policy |  |
| Lodging or Transportation | No | Prohibited by policy **unless** transportation is shared with Steward Agent participating in event. |  |

CONFIDENTIAL - FOIA CONFIDENTIALITY TREATMENT REQUESTED       SHC00467066



# HOSPITAL ADDENDUM
# Carney Hospital
# Gifts & Business Courtesies to Physicians from Steward Entities
# Chapter Name: Compliance
# Policy Number: COM 15

## Procedure

System policy has been adopted as is.

## Review and Approval

The following hospital personnel originated and approved this addendum:

| | |
|---|---|
| Contact | Director, Compliance and Privacy Officer |
| Approved by | Senior Leadership/Policy Committee on: March 26, 2013<br>Medical Executive Committee on: April 11, 2013 |
| Replaces Hospital Policy | None |
| Addendum Date,<br>Addendum Revision dates | April 2013 |

CONFIDENTIAL - FOIA CONFIDENTIALITY TREATMENT REQUESTED    SHC00467067