- **UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, *et al.*, *ex rel.* JOSEPH NOCIE, | ) ) ) ) |  |
| Plaintiffs, | ) ) | No. 18-cv-11160-WGY |
| v. | ) ) ) |  |
| STEWARD HEALTH CARE SYSTEM, LLC, *et al.* | ) ) ) ) |  |
| Defendants. | ) ) |  |

**JOINT STATUS REPORT**

In accordance with Fed. R. Civ. P. 16(b), Fed. R. Civ. P. 26(f), and Local Rule 16.1, and in anticipation of the Initial Scheduling Conference to be held on March 18, 2024, counsel for the United States, for Plaintiff-Relator Joseph Nocie and for Defendants Steward Health Care System, LLC, Steward Medical Group, Inc., Steward St. Elizabeth's Medical Center of Boston, Inc., and Steward Carney Hospital, Inc.[1] (collectively, "the parties") met and conferred by phone on March 6, 7, and 8, 2024. The parties submit the following Joint Statement and proposed schedule governing both the United States' Complaint-In-Intervention and Plaintiff-Relator's Amended Complaint:

    1.    <u>Topics to be Discussed at the Initial Scheduling Conference</u>:

        a. The scheduling of discovery and motion practice.

        b. The Plaintiff-Relator's Motion for Voluntary Dismissal Without Prejudice of the Declined Claims.

---

[1] Defendant Steward Carney Hospital, Inc. is only a named Defendant in Plaintiff-Relator's Amended Complaint and is not a named Defendant in the United States' Complaint-In-Intervention. *See* ECF Nos. 52 and 63.

    c. Defendants' Potential Reliance on Advice-Of-Counsel or Involvement-of-Counsel

        1. Per the parties' agreement, the defendants will take the necessary steps to make an informed and good-faith decision on whether they will assert reliance on advice-of-counsel or involvement-of-counsel concerning the claims in the United States' Complaint-In-Intervention and/or Plaintiff-Relator's Amended Complaint, and disclose that decision in writing at the time that they file their Answer to the United States' Complaint-In-Intervention and/or Plaintiff-Relator's Amended Complaint.

2. <u>Motion to Dismiss and Answer</u>: The parties agree to the dates set by Court Order (ECF No. 76).

    a. Defendants will respond to the Complaint-in-Intervention by April 8, 2024.

    b. The United States will oppose any motion to dismiss by April 29, 2024.

    c. Defendants will file any reply to the United States' opposition by May 9, 2024.

3. <u>Amendments to Pleadings</u>: Completed within 30 days of a ruling on the related Motion to Dismiss.

4. <u>Subject Matter of Discovery</u>: The parties agree that discovery will be needed on the factual allegations in the United States' Complaint-In-Intervention and/or Plaintiff-Relator's Amended Complaint, as well as on any defenses asserted thereto. The parties agree that there is no need to conduct discovery in phases.

5. <u>Electronically Stored Information</u>:  The parties shall reasonably cooperate to agree upon the format and media for the production of electronically stored information and the procedure for such production.

6. <u>Discovery Limitations</u>: The parties agree that the Discovery Event Limitations for each side set forth in Local Rule 26.1(c) for 10 depositions, 25 interrogatories, 25 requests for admissions, and 2 separate sets of requests for production shall apply to the United States' Complaint-In-intervention.

7. <u>Fact Discovery</u>: Fact Discovery shall be completed by August 2, 2024.

    a. Initial disclosures: April 15, 2024;

    b. Written requests for discovery on the parties shall be served by: June 28, 2024; and

    c. Depositions, other than expert depositions, to be completed by: August 2, 2024.

8. <u>Expert Discovery</u>:

    a. Plaintiffs will designate their experts and disclose their expert reports by August 26, 2024;

    b. Defendants will designate their experts and disclose their expert reports by August 26, 2024;

    c. Any rebuttal expert reports shall be due by September 16, 2024; and

    d. Experts shall be deposed by October 7, 2024, by which date expert discovery shall be completed.

9. <u>Settlement</u>:

    a. Pursuant to Local Rule 16.1(c), the United States provided a written settlement offer to the defendants on March 4, 2024 to settle the claims in the Complaint-In-Intervention.

    b. Pursuant to Local Rule 16.1(c), the relator provided a written settlement offer to the defendants on March 4, 2024 to settle the claims in the Relator's Amended Complaint.

10. <u>Alternative Dispute Resolution</u>:  The parties shall inform the court by October 4, 2024, whether they will request that this matter be referred to a Magistrate Judge for mediation in advance of summary judgment briefing.

11. <u>Dispositive Motions</u>:

    a. Motions for summary judgment shall be due by November 4, 2024.

    b. Oppositions to any motion for summary judgment shall be due by December 2, 2024.

    c. Any reply to an opposition to a motion for summary judgment shall be due by December 16, 2024.

12. <u>Pretrial Motions</u>:

    a. Motions in limine and *Daubert* motions shall be due by January 6, 2025;

    b. Oppositions to motions in limine and *Daubert* motions shall be due by January 21, 2025; and

    c. Reply briefs in support of motions in limine and *Daubert* motions shall be due by January 27, 2025.

13. <u>Trial</u>:

    a. The parties request that the Court set a date for the final pretrial conference.

    b. The Court has set a trial date of February 3, 2025. ECF No. 77.

14. <u>Other Orders That Should be Entered by the Court Under Rule 26(c) or Rule 16(b)</u>:  The parties expect to enter into discussions regarding the handling of the disclosure of confidential medical information and the handling of documents which may be identified as protected and/or privileged information.

15. <u>Local Rule 16.1(d)(3) Certifications</u>:  The parties will separately file their Local Rule 16.1(d)(3) certifications.

16. <u>Trial by Magistrate Judge</u>:  At this time, the parties do not consent to trial by Magistrate Judge.

The parties understand and agree that this discovery schedule and pretrial schedule assumes the cooperation of the parties, all third-party witnesses, and expert witnesses.  In addition, the parties agree that request for additional time for discovery may be made and shall be reasonably agreed to in the event of delays occasioned by discovery disputes requiring a decision by the Court and/or the unavailability of fact or expert witnesses due to vacation or work schedules.

The parties also agree that all discovery requests and responses, including deposition notices, may be sent electronically and that the mailbox rule shall not apply.

Dated: March 11, 2024                                  Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney

JOSEPH NOCIE
Relator

By: */s/ Jessica J. Weber*
JESSICA J. WEBER
ANDREW A. CAFFREY, III
Assistant United States Attorneys
United States Attorney's Office
One Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100
jessica.j.weber@usdoj.gov
andrew.caffrey@usdoj.gov

By: */s/ Joy Clairmont (w/consent)*
Sherrie R. Savett, Esq.
Joy Clairmont, Esq.
Berger Montague PC
1818 Market St, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
ssavett@bm.net
jclairmont@bm.net

Jonathan Shapiro
BBO No. 454220
Shapiro & Teitelbaum LLP
55 Union Street, 4th Floor
Boston, MA 02108
Telephone: (617) 742-5800
jshapiro@jsmtlegal.com

*Counsel for Plaintiff-Relator*

STEWARD HEALTH CARE SYSTEM, LLC; STEWARD MEDICAL GROUP, INC.; STEWARD ST. ELIZABETH 'S MEDICAL CENTER OF BOSTON, INC.; AND STEWARD CARNEY HOSPITAL, INC.

By: */s/ William D. Weinreb (w/consent)*
WILLIAM D. WEINREB
(BBO# 557826)
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
111 Huntington Avenue, Suite 520
Boston, MA 02199
Telephone: (617) 712-7100
billweinreb@quinnemanuel.com

*Attorney for Steward Health Care System, LLC; Steward Medical Group, Inc.; Steward St. Elizabeth 's Medical Center of Boston, Inc.; and Steward Carney Hospital, Inc.*